# EXHIBIT A

THE STATE OF TEXAS

COUNTY OF POLK

CAUSE NO. CIV24-0556

**TO:** LIVINGSTON MUNICIPAL ELECTRIC SYSTEM, BILLY S. WIGGINS, CITY MANAGER, CITY MANAGER ADMINISTRATIVE DEPARTMENT, 200 W. ST, LIVINGSTON, TEXAS 77351-3213

You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 258th Judicial District of Polk County, Texas<br>101 West Mill Street, Livingston, Texas 77351 |
|---|---|
| Cause No.: | CIV24-0556 |
| Date of Filing: | September 4, 2024 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | RecoveryX Livingston, LLC for Assignees of Citizens of Livingston for Fair and Equitable Relief and Residents of the City of Livingston; City of Livingston; Municipal Electric System; Sam Rayburn Municipal Power Agency |
| Clerk: | Bobby J. Christopher, District Clerk<br>101 West Mill Street, Suite 216<br>Livingston, Texas 77351 |
| Party or Party's Attorney: | Jack Walker<br>111 West Ferguson Street<br>Tyler, Texas 75702-7221<br>Phone: 903-526-1600  SBN: 00785167 |

Issued under my hand and seal of this said court on this the 11th day of September, 2024.

Bobbye J. Christopher, District Clerk
Livingston, Polk County, Texas

BY: _____, Deputy

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 11th day of September, 2024 at 11:00 o'clock A.M. and executed the 11th day of September, 2024 by mailing the same to: **LIVINGSTON MUNICIPAL ELECTRIC SYSTEM, BILLY S. WIGGINS, CITY MANAGER, CITY MANAGER ADMINISTRATIVE DEPARTMENT, 200 W. CHURCH STREET, LIVINGSTON, TEXAS 77351-3213**, Defendant, by registered or certified mail, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Bobbye Christopher, District Clerk
Polk County, Texas

Certified Mail #: 9589 0710 5270 1328 3320 78

By: _____ Deputy

Filed 9/4/2024 1:53 PM
Bobbye Christopher
District Clerk
Polk County, Texas
Madison Cain, Deputy

CAUSE NO. CIV24-0556 _____

| | |
|---|---|
| **RECOVERYX LIVINGSTON L.L.C. FOR ASSIGNEES OF CITIZENS OF LIVINGSTON FOR FAIR AND EQUITABLE RELIEF AND RESIDENTS OF THE CITY OF LIVINGSTON** | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | |
| **v.** | **POLK COUNTY, TEXAS** |
| **CITY OF LIVINGSTON, LIVINGSTON MUNICIPAL ELECTRIC SYSTEM; SAM RAYBURN MUNICIPAL POWER AGENCY;** | |
| **Defendants.** | **258th  JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

### I.    INTRODUCTION

1.    Sam Rayburn Municipal Power Agency ("Sam Rayburn") is a municipal energy provider organized in 1979 for the purpose of supplying the wholesale electrical energy needs of the Texas cities of Jasper, Livingston, and Liberty. Section 163.102(b) of the Texas Utilities Code prohibits Sam Rayburn from "engag[ing] in the distribution and retail sale of electrical power and energy." Tex. Util. Code § 163.102(b). Sam Rayburn is authorized to engage in the wholesale transmission and sale of electrical power and energy.  The City of Livingston or The City of Livingston Municipal Electrical System provides retail power to the residents of the City of Livingston. The City of Livingston Municipal Electrical System is authorized to engage in the retail distribution and transmission and sale of electrical power to residents of the City of Livingston.

2.      This case arises out of Defendant(s) actions to unlawfully maintain its existing monopoly power over the retail delivery of electricity to customers throughout its service territory within the City of Livingston, by engaging in anticompetitive conduct by implementing a discriminatory pricing scheme that causes common financial loss, injury and damage to Plaintiffs and other customers who have assigned their claims to the Plaintiff. Defendants' pricing plan discriminates among its customers by unfairly penalizing those consumers with unrelated general fund expenditures through the imposition of higher electricity rates which are not based on standard cost of service, while consumers in nearby regulated municipalities are subject to different, lower rates. The discriminatory rates were adopted not for any rational reason such as cost of service, but rather, in order to leverage the monopoly status of the City of Livingston Municipal Electrical System to create a unrelated excess revenue for the City which does not allow for residents of the City of Livingston to have voting or hearing rights over the expenditures through proper taxation hearings and unfairly penalizes users of electricity in a discriminatory manner. Additionally, Defendants'   conduct applying discriminatory rates violates both the United States and Texas Constitutions by treating consumers differently when purchasing the same product from a government entity.    There is no rational basis, such as cost of service or comparable municipalities with comparable rates for Defendants' conduct of imposing discriminatory electricity rates on assignors and its conduct does not pass the requisite scrutiny to be upheld. Public policy as outlined by the Sherman Act and Texas Fair Enterprise & Antitrust Act of 1983: Bus. & Com. §§15.01, et seq. dictates that City of Livingston residents should be rewarded through lower, or at least equal electricity rates as homeowners or residents in comparable nearby municipalities for the same service.  Based on Defendants' anticompetitive, discriminatory and unconstitutional conduct, Plaintiffs seek monetary, injunctive and declaratory

relief under the federal and state antitrust laws, the U.S. and Texas Constitutions as well as other law, as set forth in further detail below.

3.      Sam Rayburn Municipal Power Authority sells the City of Livingston wholesale power which should resemble and correlate to the cost of fuel compiled in the cost of service for the retail rate class which is fair, just and reasonable under PURA and federal and state antitrust law.

**II.      DISCOVERY PLAN**

4.      Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.4, and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169.

**III.      CLAIM FOR RELIEF**

5.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief in an amount over $1,000,000.00.

**IV.      PARTIES**

    **A.      Plaintiff**

6.      Plaintiff RECOVERYX LIVINGSTON L.L.C. (Plaintiff) is a Texas limited liability company whose principal place of business operates from 12335 Kingsride #418, Houston, Harris County, Texas.

7.      Pursuant to the RecoveryX Livingston LLC Sale and Assignment Agreement, individuals and entities (Assignors) have contractually assigned their rights to assert the causes of action alleged in this Petition to RecoveryX Livingston LLC.

8.      Pursuant to the Sales and Assignment Agreement, Assignors grant to RecoveryX Livingston LLC the right, title, and interest in their claims relating to injury, loss, damage or harm

of any kind (including, *inter alia*, property damage) relating to the effects of charges by the City of Livingston Municipal Electric System, including but not limited to any charges above cost of service. Also assigned to RecoveryX Livingston LLC is, *inter alia*, the right to bring any lawsuit (on contractual, legal, or equitable grounds) in connection with the assigned claim and the right to recover reimbursement, damages, and attorney's fees and costs.

9.      As such, RecoveryX Livingston LLC has the right and power to sue Defendants for the conduct alleged and relief sought by this Petition.

10.     In exchange, Assignors receive, *inter alia*, 50% of the proceeds arising from the settlement or final judgment of their assigned claim. The Assignors therefore retain a substantial interest in these claims as provided in the Sale and Assignment Agreement.

11.     These RecoveryX Livingston LLC Assignors comprise individuals and entities that (a) suffered losses due to the over charges above the cost of electric service at a property location wherein the Assignor is the owner, resident, or otherwise an interest holder; and (b) were parties to an existing electricity contract with the City of Livingston or the City of Livingston Municipal Electrical System.

12.     All rights arising from the assignments to RecoveryX Livingston LLC, including the rights to bring any lawsuit in connection with such assignments, belong to RecoveryX Livingston LLC.  As such, RecoveryX Livingston LLC has the sole right and power to sue Defendants for the causes of action alleged herein.

13.     The number of Assignors that have assigned claims and are working with RecoveryX Livingston LLC is in the hundreds.

4

**B.    Defendants**

14.    Defendant City of Livingston is a Texas Corporation with its principal place of business in Livingston, Texas with an address of 200 W Church St Livingston, TX 77351-3213. Defendant may be served with process by serving Billy S. Wiggins, City Manager, City Manager Administrative Department, 200 W. Church Street, Livingston, Texas 77351.

15.    Defendant Livingston Municipal Electric System with its principal place of business in Livingston, Texas with an address of 200 W. Church St., Livingston, TX 77351-3213. Defendant may be served with process by serving Billy S. Wiggins, City Manager, City Manager Administrative Department, 200 W. Church Street, Livingston, Texas 77351.

16.    Defendant Sam Rayburn Municipal Power Agency with its principal place of business at 340 Main Street in Liberty, Texas 77575.  Defendant may be served with process by serving Bruce Mintz, Executive Director, 340 Main Street, Suite A, Liberty, Texas 77575.

**V.    JURISDICTION AND VENUE**

17.    Venue is proper in Polk County, Texas because it is the county where many Defendants have their principal offices (TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(3), 15.005), it is where a significant portion of the events or omissions giving rise to the Plaintiff's claims occurred (§15.002(a)(1)), and it is the county in which Plaintiff Assignors resides (Tex. Civ. Prac. & Rem. Code § 15.002(a)(4)).

18.    This Court has jurisdiction over the matter because Sec. 17 (a) of Texas PURA, states subject to the limitations imposed in this Public Utility Regulatory Act, and for the purpose of regulating rates and services so that such rates may be fair, just, and reasonable, and the services adequate and efficient, the governing body of each municipality shall have exclusive original

5

jurisdiction over all electric, water, and sewer utility rates, operations, and services provided by an electric, water, and sewer utility within its city or town limits.

19.     This Court has jurisdiction over this matter because at all relevant times, the parties are residents of the State of Texas by virtue of their state of organization and/or principal places of business and/or are subject to general jurisdiction in the State of Texas by doing continuing and systematic business in the State of Texas, and/or because the claims asserted in this Petition arise from Defendants' actions within Texas or directed at Texas, and the claims sought in this Petition are within the jurisdictional limits of this Court.

20.     All claims herein arise solely under laws of the State of Texas.

## VI.     FACTUAL ALLEGATIONS

### Municipality-owned utilities and co-operatives

21.     Municipality-owned utilities and electric cooperatives in Texas are allowed to remain vertically integrated and avoid retail competition. They can own and operate generation, transmission, and distribution assets. They can sell electricity to their captive retail customers and at wholesale to other LSEs.

22.     Customers of municipality-owned utilities elect the city council members that either operate the utility or appoint a board to do so. City council members, or the governing body, set the retail rates for municipality-owned utilities.

23.     Municipality-owned utilities can own generation assets and can purchase power from other generators or traders using direct wholesale contracts or from the power market.

24.     Rates charged by the City of Livingston Municipal Electric System and the City of Livingston have been above the comparable rates charged by similarly situated municipalities in the region and have not been correlated with cost of service, thereby unfairly penalizing residents

6

of the City of Livingston.

25.     As the Sam Rayburn Municipal Power Authority is partly owned by the City of Livingston, they are also a party to the unlawful charges administered to the residents of the City of Livingston and in violation of federal and state antitrust law.

## VII.   SUMMARY OF THE CLAIMS

26.     The City of Livingston is a monopolist that provides retail electricity to customers in its designated territory within the state of Texas. See www.cityoflivingston-tx.com. As a monopolist, the City of Livingston has complete control over the electrical grid that delivers energy to consumers in its service territory. With complete control over the electrical grid, the City of Livingston has monopoly power over the pricing, sale and distribution of electricity to all retail customers in its service territory.

27.     There is no rational basis for a municipality treating differently with respect to the rates charged for the same electricity purchased from the City of Livingston as compared to relevant nearby municipalities who compete for residents. City of Livingston's conduct of imposing discriminatory electricity rates on Plaintiffs and the assignors is unreasonable, capricious, arbitrary, and oppressive.  The discriminatory rates should not be sustained, since the basis for the rate differences has nothing to do with the electricity provided but instead are aimed at reducing competition and increasing City of Livingston revenues by targeting customers who have interacted with City of Livingston's competitive "enemies" for valid and legitimate reasons.

28.     The relevant geographic market is the City of Livingston's service territory in Polk County in the state of Texas.  The City of Livingston's service territory is comprised of the City of Livingston in Polk County Texas. See generally Map of City of Livingston Municipal Electric Service area, found at https://gis.bisclient.com/polkcad/ ("Below is a list of cities served all or in

part by City of Livingston Municipal Electric System electric power: the City of Livingston in Polk County, Texas.

29.     The relevant product market is the delivery and sale of electric power to residential and commercial consumers within the City of Livingston's service territory. Electric power can be obtained by purchasing power directly from the City of Livingston.

## VIII.   CAUSES OF ACTION

### COUNT 1 – MONOPOLIZATION IN VIOLATION OF
### THE SHERMAN ANTITRUST ACT (15 U.S.C. § 2)

30.     Plaintiffs incorporate by reference all paragraphs above as if fully set herein. The City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority possesses monopoly power in the relevant market. City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority willfully maintains monopoly power by engaging in anticompetitive and exclusionary conduct in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2.

31.     The City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority anticompetitive conduct is not a result of superior skill, business acumen or superior skill.

32.     As a direct and proximate result of City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority monopoly maintenance, Plaintiffs and the Assignees have suffered injury and incurred damages in an amount to be proven at trial.

8

**COUNT 2 - MONOPOLY MAINTENANCE IN VIOLATION OF THE TEXAS FREE ENTERPRISE AND ANTITRUST ACT OF 1983. TEX. BUS. & COM. CODE § 15.21**

33.     The City of Livingston Maintenance Electric System willfully engaged in anticompetitive conduct to maintain its monopoly trade or commerce within Texas in violation of Tex. Bus. & Com. Code § 15.21.

34.     Overcharging for electricity cost of service constitutes anticompetitive and unlawful monopoly maintenance in violation of Tex. Bus. & Com. Code § 15.21.

**COUNT 3 – PRIVATE NUISANCE**

35.     Plaintiff re-alleges and incorporates the preceding paragraph as if fully set forth herein.

36.     During the past decade plus, Plaintiff's Assignors had a real property interest as possessors of property. Defendants substantially interfered with the Assignors' property rights by creating a condition that intruded upon the Assignors' use and enjoyment of their properties by overcharging in the practice of monopoly pricing not in line with other municipalities who have been granted deregulated status under the PURA § Sec. 33.001and GURA.Defendants caused physical and economic harm to Plaintiff's Assignors' properties, as well as psychological harm to the Assignors' peace of mind, for which the Assignors are entitled to money damages as compensation.

**COUNT 4 – UNJUST ENRICHMENT**

37.     Plaintiff re-alleges and incorporates the preceding paragraph as if fully set forth herein.

38.     Defendants engaged in willful and intentional overcharging for electrical service, which led to the gaining of profits over the course of the past 10+ years to the detriment of Plaintiff's Assignors.

39.     By such actions, Defendants unjustly retained benefits from their monopoly position against the fundamental principles of justice or equity and good conscience. Plaintiff sues for the amount assessed to its Assignors from over charges of charges incurred by the resident Assignors as a result of Defendants' actions.

40.     Unjust enrichment is a cause of action where a party wrongfully secured a benefit or has passively received a benefit which it would be unconscionable to retain.

41.     A party may recover under the theory of unjust enrichment when one party has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.

42.     Unjust enrichment is an equitable principle which holds that one who unjustly receives benefits should make restitution for those benefits.

43.     Defendants are liable under the theory of unjust enrichment for the aforementioned reasons.

44.     Defendants' profits were the result of their exploitation of a municipal monopoly. They took advantage of their positions as the sole supplier of a crucial necessary resource to exploit the residents of Livingston.

45.     As a proximate result of Defendants' wrongful conduct and unjust enrichment Plaintiff's Assignors have suffered damages in an amount to be determined at trial.

46.     Defendants should be required to account for and disgorge all monies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of Plaintiff's Assignors.

47.     Plaintiff seeks joint and several liability against Defendants, as the Defendants' wrongful acts joined to produce an indivisible injury that cannot be apportioned with reasonable certainty to any individual Defendant.

## IX.     ATTORNEYS COST AND FEES

48.     Plaintiff has retained the undersigned counsel to represent it in this matter. Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009, Plaintiff is entitled to recover its costs and reasonable and necessary attorney's fees as are equitable and just.

49.     Plaintiff also seeks pre-judgement interest on attorney's fees related to both trial and or any arbitration proceedings between Plaintiff and Defendants.

## X.     NOTICE

50.     Defendants are hereby provided with notice under TEX. R. CIV. P. 193.7 that all documents produced by them in this suit will be used at pretrial proceedings and at trial in this case.

## XI.     CONDITIONS PRECEDENT

51.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XII.     REQUEST FOR DISCLOSURE

52.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose within 30 days after being served or joined the information or material described in Rule 194.2.

## XIII.     PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

     a.   An award to Plaintiff of full restitution;

    b.  Actual and consequential economic damages to Plaintiff;

    c.  Punitive damages, if appropriate, for Defendants' malicious interference with Plaintiff's Assignors' contracts;

    d.  Restitution and equitable disgorgement of unlawful profits collected by Defendants;

    e.  Pre- and post-judgement interest;

    f.  Plaintiff's costs and reasonable and necessary attorney's fees; and

    g.  Such other and further relief as the Court may deem necessary and appropriate.

## XIV.   JURY DEMAND

Plaintiff hereby demands trial by jury on all claims so triable.

Dated: August _____, 2024

*Signature on following page.*

Respectfully Submitted,

*/s/ Michael T. Gallagher*
Michael T. Gallagher
**The Gallagher Law Firm, LLC**
SBOT No.: 07586000
2905 Sackett St.
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile:  (713) 238-7852
mike@gld-law.com

*/s/ Jack Walker*
John F. (Jack) Walker, III
**Martin Walker, P.C.**
SBOT No.:  00785167
111 W. Ferguson St.
Tyler, TX 75702
Telephone:  903-526-1600
Facsimile:   903-595-0796
jwalker@martinwalkerlaw.com

*/s/ Douglas Bryan Hughes*
Douglas Bryan Hughes
**Law Office of D. Bryan Hughes**
SBOT No. 00793995
110 N College Ave Ste 207
Tyler, TX 75702-7221
Telephone: 903-581-1776
bryan@bryanhughes.com

*Counsel for Plaintiff*

CIV24-0556
Filed 9/13/2024 9:46 AM
Bobbye Christopher
District Clerk
Polk County, Texas
Madison Cain, Deputy

**CAUSE NO. CIV24-0556**

| | |
|---|---|
| RECOVERYX LIVINGSTON L.L.C. FOR ASSIGNEES OF RESIDENTS OF THE CITY OF LIVINGSTON | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | POLK COUNTY, TEXAS |
| CITY OF LIVINGSTON, LIVINGSTON MUNICIPAL ELECTRIC SYSTEM; SAM RAYBURN MUNICIPAL POWER AGENCY; | |
| Defendants. | 258th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

### I.  INTRODUCTION

1.      Sam Rayburn Municipal Power Agency ("Sam Rayburn") is a municipal energy provider organized in 1979 for the purpose of supplying the wholesale electrical energy needs of the Texas cities of Jasper, Livingston, and Liberty. Section 163.102(b) of the Texas Utilities Code prohibits Sam Rayburn from "engag[ing] in the distribution and retail sale of electrical power and energy." Tex. Util. Code § 163.102(b). Sam Rayburn is authorized to engage in the wholesale transmission and sale of electrical power and energy.  The City of Livingston or The City of Livingston Municipal Electrical System provides retail power to the residents of the City of Livingston. The City of Livingston Municipal Electrical System is authorized to engage in the retail distribution and transmission and sale of electrical power to residents of the City of Livingston.

2.      This case arises out of Defendant(s) actions to unlawfully maintain its existing monopoly power over the retail delivery of electricity to customers throughout its service territory

within the City of Livingston, by engaging in anticompetitive conduct by implementing a discriminatory pricing scheme that causes common financial loss, injury and damage to Plaintiffs and other customers who have assigned their claims to the Plaintiff. Defendants' pricing plan discriminates among its customers by unfairly penalizing those consumers with unrelated general fund expenditures through the imposition of higher electricity rates which are not based on standard cost of service, while consumers in nearby regulated municipalities are subject to different, lower rates. The discriminatory rates were adopted not for any rational reason such as cost of service, but rather, in order to leverage the monopoly status of the City of Livingston Municipal Electrical System to create a unrelated excess revenue for the City which does not allow for residents of the City of Livingston to have voting or hearing rights over the expenditures through proper taxation hearings and unfairly penalizes users of electricity in a discriminatory manner. Additionally, Defendants'  conduct applying discriminatory rates violates both the United States and Texas Constitutions by treating consumers differently when purchasing the same product from a government entity.   There is no rational basis, such as cost of service or comparable municipalities with comparable rates for Defendants' conduct of imposing discriminatory electricity rates on assignors and its conduct does not pass the requisite scrutiny to be upheld. Public policy as outlined by the Sherman Act and Texas Fair Enterprise & Antitrust Act of 1983: Bus. & Com. §§15.01, et seq. dictates that City of Livingston residents should be rewarded through lower, or at least equal electricity rates as homeowners or residents in comparable nearby municipalities for the same service.  Based on Defendants' anticompetitive, discriminatory and unconstitutional conduct, Plaintiffs seek monetary, injunctive and declaratory relief under the federal and state antitrust laws, the U.S. and Texas Constitutions as well as other law, as set forth in further detail below.

2

3.      Sam Rayburn Municipal Power Authority sells the City of Livingston wholesale power which should resemble and correlate to the cost of fuel compiled in the cost of service for the retail rate class which is fair, just and reasonable under PURA and federal and state antitrust law.

## II.      DISCOVERY PLAN

4.      Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.4, and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169.

## III.     CLAIM FOR RELIEF

5.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief in an amount over $1,000,000.00.

## IV.     PARTIES

### A.      Plaintiff

6.      Plaintiff RECOVERYX LIVINGSTON L.L.C. (Plaintiff) is a Texas limited liability company whose principal place of business operates from 12335 Kingsride #418, Houston, Harris County, Texas.

7.      Pursuant to the RecoveryX Livingston LLC Sale and Assignment Agreement, individuals and entities (Assignors) have contractually assigned their rights to assert the causes of action alleged in this Petition to RecoveryX Livingston LLC.

8.      Pursuant to the Sales and Assignment Agreement, Assignors grant to RecoveryX Livingston LLC the right, title, and interest in their claims relating to injury, loss, damage or harm of any kind (including, *inter alia*, property damage) relating to the effects of charges by the City of Livingston Municipal Electric System, including but not limited to any charges above cost of

3

service. Also assigned to RecoveryX Livingston LLC is, *inter alia*, the right to bring any lawsuit (on contractual, legal, or equitable grounds) in connection with the assigned claim and the right to recover reimbursement, damages, and attorney's fees and costs.

9.      As such, RecoveryX Livingston LLC has the right and power to sue Defendants for the conduct alleged and relief sought by this Amended Petition.

10.     In exchange, Assignors receive, *inter alia*, 50% of the proceeds arising from the settlement or final judgment of their assigned claim. The Assignors therefore retain a substantial interest in these claims as provided in the Sale and Assignment Agreement.

11.     These RecoveryX Livingston LLC Assignors comprise individuals and entities that (a) suffered losses due to the over charges above the cost of electric service at a property location wherein the Assignor is the owner, resident, or otherwise an interest holder; and (b) were parties to an existing electricity contract with the City of Livingston or the City of Livingston Municipal Electrical System.

12.     All rights arising from the assignments to RecoveryX Livingston LLC, including the rights to bring any lawsuit in connection with such assignments, belong to RecoveryX Livingston LLC.  As such, RecoveryX Livingston LLC has the sole right and power to sue Defendants for the causes of action alleged herein.

13.     The number of Assignors that have assigned claims and are working with RecoveryX Livingston LLC is in the hundreds.

**B.      Defendants**

14.     Defendant City of Livingston is a Texas Corporation with its principal place of business in Livingston, Texas with an address of 200 W Church St Livingston, TX 77351-3213.

4

Defendant may be served with process by serving Billy S. Wiggins, City Manager, City Manager Administrative Department, 200 W. Church Street, Livingston, Texas 77351.

15.     Defendant Livingston Municipal Electric System with its principal place of business in Livingston, Texas with an address of 200 W. Church St., Livingston, TX 77351-3213. Defendant may be served with process by serving Billy S. Wiggins, City Manager, City Manager Administrative Department, 200 W. Church Street, Livingston, Texas 77351.

16.     Defendant Sam Rayburn Municipal Power Agency with its principal place of business at 340 Main Street in Liberty, Texas 77575. Defendant may be served with process by serving Bruce Mintz, Executive Director, 340 Main Street, Suite A, Liberty, Texas 77575.

## V.    JURISDICTION AND VENUE

17.     Venue is proper in Polk County, Texas because it is the county where many Defendants have their principal offices (TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(3), 15.005), it is where a significant portion of the events or omissions giving rise to the Plaintiff's claims occurred (§15.002(a)(1)), and it is the county in which Plaintiff Assignors resides (Tex. Civ. Prac. & Rem. Code § 15.002(a)(4)).

18.     This Court has jurisdiction over the matter because Sec. 17 (a) of Texas PURA, states subject to the limitations imposed in this Public Utility Regulatory Act, and for the purpose of regulating rates and services so that such rates may be fair, just, and reasonable, and the services adequate and efficient, the governing body of each municipality shall have exclusive original jurisdiction over all electric, water, and sewer utility rates, operations, and services provided by an electric, water, and sewer utility within its city or town limits.

19.     This Court has jurisdiction over this matter because at all relevant times, the parties are residents of the State of Texas by virtue of their state of organization and/or principal places

of business and/or are subject to general jurisdiction in the State of Texas by doing continuing and systematic business in the State of Texas, and/or because the claims asserted in this Amended Petition arise from Defendants' actions within Texas or directed at Texas, and the claims sought in this Amended Petition are within the jurisdictional limits of this Court.

20.     All claims herein arise solely under laws of the State of Texas.

## VI.   FACTUAL ALLEGATIONS

### Municipality-owned utilities and co-operatives

21.     Municipality-owned utilities and electric cooperatives in Texas are allowed to remain vertically integrated and avoid retail competition. They can own and operate generation, transmission, and distribution assets. They can sell electricity to their captive retail customers and at wholesale to other LSEs.

22.     Customers of municipality-owned utilities elect the city council members that either operate the utility or appoint a board to do so. City council members, or the governing body, set the retail rates for municipality-owned utilities.

23.     Municipality-owned utilities can own generation assets and can purchase power from other generators or traders using direct wholesale contracts or from the power market.

24.     Rates charged by the City of Livingston Municipal Electric System and the City of Livingston have been above the comparable rates charged by similarly situated municipalities in the region and have not been correlated with cost of service, thereby unfairly penalizing residents of the City of Livingston.

25.     As the Sam Rayburn Municipal Power Authority is partly owned by the City of Livingston, they are also a party to the unlawful charges administered to the residents of the City of Livingston and in violation of federal and state antitrust law.

## VII.  SUMMARY OF THE CLAIMS

26.    The City of Livingston is a monopolist that provides retail electricity to customers in its designated territory within the state of Texas. See www.cityoflivingston-tx.com. As a monopolist, the City of Livingston has complete control over the electrical grid that delivers energy to consumers in its service territory. With complete control over the electrical grid, the City of Livingston has monopoly power over the pricing, sale and distribution of electricity to all retail customers in its service territory.

27.    There is no rational basis for a municipality treating differently with respect to the rates charged for the same electricity purchased from the City of Livingston as compared to relevant nearby municipalities who compete for residents. City of Livingston's conduct of imposing discriminatory electricity rates on Plaintiffs and the assignors is unreasonable, capricious, arbitrary, and oppressive. The discriminatory rates should not be sustained, since the basis for the rate differences has nothing to do with the electricity provided but instead are aimed at reducing competition and increasing City of Livingston revenues by targeting customers who have interacted with City of Livingston's competitive "enemies" for valid and legitimate reasons.

28.    The relevant geographic market is the City of Livingston's service territory in Polk County in the state of Texas.  The City of Livingston's service territory is comprised of the City of Livingston in Polk County Texas. See generally Map of City of Livingston Municipal Electric Service area, found at https://gis.bisclient.com/polkcad/ ("Below is a list of cities served all or in part by City of Livingston Municipal Electric System electric power: the City of Livingston in Polk County, Texas.

7

29.     The relevant product market is the delivery and sale of electric power to residential and commercial consumers within the City of Livingston's service territory. Electric power can be obtained by purchasing power directly from the City of Livingston.

## VIII.   CAUSES OF ACTION

### COUNT 1 – MONOPOLIZATION IN VIOLATION OF
### THE SHERMAN ANTITRUST ACT (15 U.S.C. § 2)

30.     Plaintiffs incorporate by reference all paragraphs above as if fully set herein. The City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority possesses monopoly power in the relevant market. City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority willfully maintains monopoly power by engaging in anticompetitive and exclusionary conduct in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2.

31.     The City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority anticompetitive conduct is not a result of superior skill, business acumen or superior skill.

32.     As a direct and proximate result of City of Livingston Municipal Electric System and the City of Livingston and Sam Rayburn Municipal Power Authority monopoly maintenance, Plaintiffs and the Assignees have suffered injury and incurred damages in an amount to be proven at trial.

**COUNT 2 - MONOPOLY MAINTENANCE IN VIOLATION OF THE TEXAS FREE**

**ENTERPRISE AND ANTITRUST ACT OF 1983. TEX. BUS. & COM. CODE § 15.21**

33.　　The City of Livingston Maintenance Electric System willfully engaged in anticompetitive conduct to maintain its monopoly trade or commerce within Texas in violation of Tex. Bus. & Com. Code § 15.21.

34.　　Overcharging for electricity cost of service constitutes anticompetitive and unlawful monopoly maintenance in violation of Tex. Bus. & Com. Code § 15.21.

**COUNT 3 – PRIVATE NUISANCE**

35.　　Plaintiff re-alleges and incorporates the preceding paragraph as if fully set forth herein.

36.　　During the past decade plus, Plaintiff's Assignors had a real property interest as possessors of property. Defendants substantially interfered with the Assignors' property rights by creating a condition that intruded upon the Assignors' use and enjoyment of their properties by overcharging in the practice of monopoly pricing not in line with other municipalities who have been granted deregulated status under the PURA § Sec. 33.001and GURA.Defendants caused physical and economic harm to Plaintiff's Assignors' properties, as well as psychological harm to the Assignors' peace of mind, for which the Assignors are entitled to money damages as compensation.

**COUNT 4 – UNJUST ENRICHMENT**

37.　　Plaintiff re-alleges and incorporates the preceding paragraph as if fully set forth herein.

9

38.     Defendants engaged in willful and intentional overcharging for electrical service, which led to the gaining of profits over the course of the past 10+ years to the detriment of Plaintiff's Assignors.

39.     By such actions, Defendants unjustly retained benefits from their monopoly position against the fundamental principles of justice or equity and good conscience. Plaintiff sues for the amount assessed to its Assignors from over charges of charges incurred by the resident Assignors as a result of Defendants' actions.

40.     Unjust enrichment is a cause of action where a party wrongfully secured a benefit or has passively received a benefit which it would be unconscionable to retain.

41.     A party may recover under the theory of unjust enrichment when one party has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.

42.     Unjust enrichment is an equitable principle which holds that one who unjustly receives benefits should make restitution for those benefits.

43.     Defendants are liable under the theory of unjust enrichment for the aforementioned reasons.

44.     Defendants' profits were the result of their exploitation of a municipal monopoly. They took advantage of their positions as the sole supplier of a crucial necessary resource to exploit the residents of Livingston.

45.     As a proximate result of Defendants' wrongful conduct and unjust enrichment Plaintiff's Assignors have suffered damages in an amount to be determined at trial.

46.     Defendants should be required to account for and disgorge all monies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of Plaintiff's Assignors.

10

47.     Plaintiff seeks joint and several liability against Defendants, as the Defendants'
wrongful acts joined to produce an indivisible injury that cannot be apportioned with reasonable
certainty to any individual Defendant.

## IX.    ATTORNEYS COST AND FEES

48.     Plaintiff has retained the undersigned counsel to represent it in this matter.
Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009, Plaintiff is entitled to recover its costs and
reasonable and necessary attorney's fees as are equitable and just.

49.     Plaintiff also seeks pre-judgement interest on attorney's fees related to both trial
and or any arbitration proceedings between Plaintiff and Defendants.

## X.     NOTICE

50.     Defendants are hereby provided with notice under TEX. R. CIV. P. 193.7 that all
documents produced by them in this suit will be used at pretrial proceedings and at trial in this
case.

## XI.    CONDITIONS PRECEDENT

51.     All conditions precedent to Plaintiff's claim for relief have been performed or
have occurred.

## XII.   REQUEST FOR DISCLOSURE

52.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants
disclose within 30 days after being served or joined the information or material described in Rule
194.2.

## XIII.  PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

    a.   An award to Plaintiff of full restitution;

11

b.  Actual and consequential economic damages to Plaintiff;

c.  Punitive damages, if appropriate, for Defendants' malicious interference with Plaintiff's Assignors' contracts;

d.  Restitution and equitable disgorgement of unlawful profits collected by Defendants;

e.  Pre- and post-judgement interest;

f.  Plaintiff's costs and reasonable and necessary attorney's fees; and

g.  Such other and further relief as the Court may deem necessary and appropriate.

## XIV.  JURY DEMAND

Plaintiff hereby demands trial by jury on all claims so triable.


Dated: September 13, 2024


*Signature on following page.*

12

Respectfully Submitted,

*/s/ Michael T. Gallagher*
Michael T. Gallagher
**The Gallagher Law Firm, LLC**
SBOT No.: 07586000
2905 Sackett St.
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile:   (713) 238-7852
mike@gld-law.com

*/s/ Jack Walker*
John F. (Jack) Walker, III
**Martin Walker, P.C.**
SBOT No.: 00785167
111 W. Ferguson St.
Tyler, TX 75702
Telephone:  903-526-1600
Facsimile:   903-595-0796
jwalker@martinwalkerlaw.com

*/s/ Douglas Bryan Hughes*
Douglas Bryan Hughes
**Law Office of D. Bryan Hughes**
SBOT No. 00793995
110 N College Ave Ste 207
Tyler, TX 75702-7221
Telephone: 903-581-1776
bryan@bryanhughes.com

*Counsel for Plaintiff*

13

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shelley Poole on behalf of Jack Walker
Bar No. 00785167
spoole@martinwalkerlaw.com
Envelope ID: 91986910
Filing Code Description: Answer/Response
Filing Description: Plaintiff's First Amended Petition
Status as of 9/13/2024 10:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shelley Poole | | spoole@martinwalkerlaw.com | 9/13/2024 9:46:04 AM | SENT |
| Jack Walker | | jwalker@martinwalkerlaw.com | 9/13/2024 9:46:04 AM | SENT |
| Douglas BryanHughes | | bryan@bryanhughes.com | 9/13/2024 9:46:04 AM | SENT |
| Michael TGallagher | | mike@gld-law.com | 9/13/2024 9:46:04 AM | SENT |
| Patricia Ontiveros | | patriciao@gld-law.com | 9/13/2024 9:46:04 AM | SENT |